IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01358-PSF-CBS

CHARLOTTE R. GARRETT, OLIVIA G. GARRETT, and ADAM J. GARRETT, Missouri
residents,

       Plaintiffs,

v.

LAND WEST VENTURES, INC. d/b/a BEAR WALLOW RANCH, a Georgia corporation,
OSCAR HOYOS DeLaCRUZ, a resident of Mexico, and JUAN SALIDO-TALAVERA, a
Colorado resident,

       Defendants.

---

## ORDER ON MOTIONS FOR PARTIAL DISMISSAL

---

    This matter is before the Court on Defendant Land West Ventures, Inc.'s ("Land

West's") Motion to Dismiss Plaintiffs' Ninth Claim for Relief for Negligence Per Se (Dkt.

# 24), which was filed on October 2, 2006 and which Defendant Oscar Hoyos

DeLaCruz moved to join on November 22, 2006 (Dkt. # 50).  Also pending is Defendant

Juan Salido-Talavera's Motion to Dismiss Plaintiffs' Fourth Claim for Relief for

Negligence Per Se (Dkt. # 48), filed on November 22, 2006.  Plaintiff filed a response

to Defendant Land West's motion to dismiss on November 22, 2006 (Dkt. # 46), but has

not responded to Defendant Salido-Talavera's motion.

## I.    BACKGROUND AND ASSUMED FACTS

    The following facts, as alleged in plaintiffs' Amended Complaint (Dkt. # 17), are

assumed to be true for purposes of the pending motions.  Plaintiff Olivia G. Garrett

brought this action on behalf of herself and her children.  Am. Compl. ¶ 2.  On May 14,

2005, Jeffrey R. Garrett ("Garrett"), Olivia Garrett's now-deceased husband, was

lawfully hunting wild turkey on or around land owned and operated by Land West

known as Bear Wallow Ranch.  Id. ¶¶ 4–5.  On the same date, Defendants DeLaCruz

and Salido-Talavera, both of whom were employed by Land West, were repairing a

fence on the Bear Wallow Ranch property near the area where Garrett was hunting.  Id.

¶¶ 7, 13, 21.  DeLaCruz and Salido-Talavera had brought with them a rifle and

ammunition, which had been provided to them by Land West.  Id. ¶¶ 17, 21.  While

working on the fence, DeLaCruz and Salido-Talavera heard what they believed was a

turkey calling.  Id. ¶ 22.  Upon hearing this, DeLaCruz fired the rifle blindly into the

brush in the direction of the sound.  Id. ¶¶ 25–26.  As a result of DeLaCruz's blind

firing, Garrett was struck with a .22 caliber bullet.  Id. ¶ 28.  Plaintiffs allege that the

shot was not immediately fatal to Garrett, but that Garrett later died as a result of not

receiving timely medical attention after the shooting.  Id. ¶ 29.

Shortly after he shot Garrett, DeLaCruz told Salido-Talavera that he had shot a

person.  Id. ¶ 30.  Although both defendants knew Garrett had been shot, rather than

rendering aid or calling for assistance, they fled the scene and returned to the ranch

house.  Id. ¶¶ 31–32.  Salido-Talavera then helped DeLaCruz flee the country by giving

him money for his flight and covered up the evidence of DeLaCruz's involvement in the

shooting by concealing relevant facts from law enforcement officials and destroying or

concealing evidence.  Id. ¶¶ 33–34.  Land West knew that DeLaCruz had access to a

.22 caliber rifle and that he had fled, but did not report this fact to the authorities in the

2

first few weeks after the shooting, even though police had requested that anyone with information regarding the shooting come forward and contact authorities.  *Id.* ¶¶ 35-37. Plaintiffs allege that as a direct and proximate result of the unlawful and reckless conduct of DeLaCruz and Salido-Talavera, Garrett was fatally injured.  *Id.* ¶ 38.

Plaintiffs have asserted several causes of action against defendants, but only the second, fourth, and ninth claims for relief, which are comprised of negligence *per se* claims against each of the three defendants, are the subject of the underlying motions to dismiss.  Plaintiffs' ninth claim for relief alleges that Defendant Land West is directly or vicariously liable for negligence *per se* based on violations of the following statutes:

a)  8 U.S.C. § 1324a – unlawful employment of aliens;

b)  18 U.S.C. § 922(a)(5) and (d)(5)(A) – unlicensed transfer or sale of firearm;

c)  18 U.S.C. § 922(g)(5) – possession of firearm or ammunition by illegal alien;

d)  C.R.S. § 33-6-107(3) – hunting without a license; and

e)  C.R.S. § 33-6-122 – hunting in a careless manner.  *Id.* ¶¶ 79–80.

Plaintiffs' second and fourth claims for relief allege that Defendants DeLaCruz and Salido-Talavera, respectively, are liable for negligence *per se* based on violations of three of the above-described statutes: 18 U.S.C. § 922(g)(5), C.R.S. § 33-6-107(3), and C.R.S. § 33-6-122.  *Id.* ¶¶ 47, 50, 56, 60.

Defendants have moved to dismiss all three of plaintiffs' negligence *per se* claims under F.R.Civ.P. 12(b)(6).  Defendants assert that there is no private right of action for violations of the statutes on which plaintiffs base their negligence *per se*

3

claims, and that plaintiffs have thus failed to state a claim for which relief can be granted.

## II.    STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998), and must draw all reasonable inferences in favor of the plaintiff.  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## III.   ANALYSIS

A.    <u>Plaintiffs' Ninth Claim for Relief Against Land West</u>

1.    <u>*Federal Statutes*</u>

Plaintiffs have apparently abandoned their negligence *per se* claims based on Land West's alleged violations of the federal statutes, 8 U.S.C. § 1324a and 18 U.S.C. § 922(a)(5), (d)(5)(a) and (g)(5), and are now pursuing their negligence *per se* claims only with respect to the alleged violations of two state statutes, C.R.S. §§ 33-6-107(3)

4

and 33-6-122.  *See* Pls.' Resp. at 4 n.1 (stating that "[p]laintiffs are pursuing their

negligence *per se* claims against Defendant Land West based on C.R.S. §§ 33-6-107

and 122, instead of on 8 U.S.C. § 1324 and 18 U.S.C. § 922").  Thus, plaintiffs' claim

against Land West under those federal statutes should be dismissed.

Moreover, dismissal of the negligence *per se* claim under the federal statutes is

appropriate on its merits.  In *Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890, 893 (10th

Cir.), *cert. denied*, 409 U.S. 1042 (1972), the Tenth Circuit expressly addressed 8

U.S.C. § 1324 and held that no private right of action exists based on its violation.

More generally, the Tenth Circuit held in *Chavez* that courts "will not fashion civil

remedies from federal regulatory statutes except where a compelling federal interest of

a governmental nature exists or where the intent of Congress to create private rights

can be found in the statute or in its legislative history."  *Id.* at 894.  "In the absence of

congressional intent to the contrary," the sanctions listed in an act are exclusive.  *Id.*

The *Chavez* court reasoned that "[w]hen Congress was dealing with the subject matter

of the statutes here involved, it was capable of clearly and directly providing the rights

and remedies urged by the [plaintiffs]," and that creation of such a right of action by the

courts would go beyond the proper scope of the judiciary.  *Id.* at 895.

The penalties for violating the various subsections of 18 U.S.C. § 922 are

provided in 18 U.S.C. § 924 and are limited to fines and imprisonment.  Under *Chavez*,

this Court may not infer a private right of recovery, as none exists in the penalties

outlined by the legislature and there is no indication of congressional intent to provide

such a right.  Therefore, a violation of 18 U.S.C. § 922, like a violation of 8 U.S.C.

§ 1324, does not support a claim of negligence *per se*, and plaintiffs have failed to state a valid claim against Land West based on alleged violations of those federal statutes.

2.   *State Statutes*

Plaintiffs' ninth claim for relief also asserts a claim of negligence *per se* against Land West based on alleged violations of two Colorado statues: (1) C.R.S. § 33-6-107(3), which prohibits hunting without a valid license and states that a person who violates the statute "is guilty of a misdemeanor and, upon conviction, shall be punished by a fine and an assessment of license suspension points"; and (2) C.R.S. § 33-6-122, which makes it unlawful for any person "to hunt or take wildlife in a careless manner or to discharge a firearm . . . in a careless manner which endangers human life or property." The penalties for a violation of C.R.S. § 33-6-122 include a fine, imprisonment, and license suspension points.

Under Colorado law, "[t]he violation of a statute or ordinance adopted for the public's safety may be negligence per se if it is established that the violation proximately caused the injury." *Lyons v. Nasby*, 770 P.2d 1250, 1257 (Colo. 1989). However, similarly to the federal courts, "Colorado courts have been extremely cautious in recognizing private rights of action 'implied' by criminal statutes" out of concern about "crossing over the bounds of the bench into the province of the legislature." *Gammill v. United States*, 727 F.2d 950, 953 (10th Cir. 1984). Thus, "if a statute provides a specific means of enforcing legal duties that were unknown at common law, that statutory remedy will be considered exclusive." *Henry v. Kemp*, 829 P.2d 505, 506 (Colo. App. 1992) (citations omitted). In turn, where the legislature could have

authorized civil penalties for the violation of an act, but chose to impose only a criminal

sanction, the court has "no authority to impose civil liability." *Silverstein v. Sisters of*

*Charity of Leavenworth Health Servs. Corp.*, 38 Colo. App. 286, 289, 559 P.2d 716, 718

(Colo. App. 1976) (citations omitted).

C.R.S. § 33-6-107(3) prohibits hunting without a license and provides only

criminal sanctions for those who violate the statute.  This statute creates a legal duty

and provides a particular means for its enforcement that does not include civil liability.

Because the legislature could have authorized civil penalties for the violation of this

statute but chose not to, this Court has no authority to impose such liability.  *Silverstein*,

559 P.2d at 718.  As such, plaintiffs do not have a valid claim for relief for negligence

*per se* under C.R.S. § 33-6-107(3), and that claim must be dismissed pursuant to

F.R.Civ.P. 12(b)(6).

However, C.R.S. § 33-6-122, which prohibits hunting or discharging a firearm "in

a careless manner which endangers human life or property," does not enforce a legal

duty that was "unknown at common law."  *Henry*, 829 P.2d at 506.  Colorado courts

have long recognized a common law cause of action for negligent discharge of a

firearm.  *See, e.g.*, *Sanchez v. Rice*, 40 Colo. App. 481, 482, 580 P.2d 1261, 1263

(Colo. App. 1978) (affirming judgment of liability against City of Denver based on

employee police officers' negligent discharge of firearms).  Moreover, the statute

defines "careless" as "failing to exercise the degree of reasonable care that would be

exercised by a person of ordinary prudence under all the existing circumstances in

consideration of the probable danger of injury or damage."  C.R.S. § 33-6-122.  This

7

definition comports with common law negligence principles involving a defendant's duty of reasonable care. *See Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002) ("The defendant owes a duty to act when it is reasonably foreseeable that the failure to act will create an unreasonable risk of harm to another.  A defendant's duty is based on the standard of care owed by a reasonable person in the defendant's position.") (citations omitted); *see also Henderson v. Romer*, 910 P.2d 48, 51 (Colo. App. 1995) ("Duty is an obligation to conform to a legal standard of conduct that is reasonable in light of an apparent risk.") (citation omitted).  Thus, the statute simply codifies an existing common law duty to exercise reasonable care in a specific context, and the fact that the legislature chose not to impose civil liability for violations of § 33-6-122 does not foreclose such liability.

Further, although the legislature did not expressly state that § 33-6-122 was adopted for public safety purposes, that is certainly a reasonable inference given the statute's prohibition against conduct "which endangers human life or property."  C.R.S. § 33-6-122.  It is clear from this language that the statute was adopted with the intent to enhance public safety and thus may constitute the basis of a negligence *per se* claim if the plaintiff can show that (1) the violation proximately caused the plaintiff's injury, (2) the plaintiff is a member of the class of persons whom the statute was intended to protect, and (3) the injuries suffered were of the kind that the statute was enacted to prevent.  *Lyons*, 770 P.2d at 1257 (holding that proof of a tavern owner's violation of statutes prohibiting the sale of alcohol to visibly intoxicated persons was "conclusive evidence of negligence per se").  Plaintiffs have asserted that all of these conditions

8

are met, *see* Am. Compl. ¶¶ 81–83, and plaintiffs' factual allegations, if true, support

that assertion.  Therefore, plaintiffs have stated a valid negligence *per se* claim under

C.R.S. § 33-6-122.

Land West further argues that even if plaintiffs have properly stated a claim

under any of the statutes at issue here, the alleged violations were by Defendant

DeLaCruz or Salido-Talavera, and not by Land West.  Def.'s Mot. at 6.  However,

plaintiffs have alleged that, at the time of the incident, DeLaCruz and Salido-Talavera

were repairing a fence on Land West's property and were acting in the course and

scope of their employment.  Am. Compl. ¶¶ 21–24.  Based on these alleged facts,

plaintiffs claim that Land West is vicariously liable for the conduct of DeLaCruz and

Salido-Talavera.  *Id.* ¶ 64.  These allegations are sufficient for plaintiffs' claim to survive

a motion to dismiss.  *See Grease Monkey Int'l, Inc. v. Montoya*, 904 P.2d 468, 473

(Colo. 1995) ("Under the doctrine of respondeat superior, a master is liable for the

unauthorized torts of his servant if committed while the servant is acting within the

scope of his employment.") (quotation marks omitted).  An evaluation of whether Land

West's employees were actually acting in the course and scope of their employment

at the time of the shooting requires further discovery, and such an evidentiary

determination is not appropriate in the context of a Rule 12(b)(6) motion to dismiss.

Accordingly, Defendant Land West is entitled to dismissal of plaintiffs' ninth

claim for relief as it pertains to 8 U.S.C. § 1324a, 18 U.S.C. § 922, and C.R.S. § 33-6-

107(3).  However, Land West's motion to dismiss is denied with respect to C.R.S. § 33-

6-122.

B.   <u>Plaintiffs' Second Claim for Relief Against Defendant DeLaCruz and Fourth Claim for Relief Against Defendant Salido-Talavera</u>

Defendants DeLaCruz and Salido-Talavera move to dismiss plaintiffs' second and fourth claims for relief for negligence *per se* based on their alleged violations of 18 U.S.C. § 922(g)(5) (illegal possession of a firearm and ammunition by an illegal alien), C.R.S. § 33-6-107(3) (hunting without a license), and C.R.S. § 33-6-122 (hunting in a careless manner).  For the reasons stated in § III(A), *supra*, plaintiffs' negligence *per se* claims against both DeLaCruz and Salido-Talavera under 18 U.S.C. § 922(g)(5) and C.R.S. § 33-6-107(3) are dismissed.

Plaintiffs' negligence *per se* claim against Salido-Talavera under C.R.S. § 33-6-122 is also dismissed.  Although the statute does provide a legal basis for a negligence *per se* claim, there are no allegations that Salido-Talavera was engaged in hunting at the time of the incident or that he shot a firearm at all, much less in a careless manner.  *See generally* Am. Compl.  Only DeLaCruz is alleged to have engaged in such conduct.  Thus, taking the allegations in plaintiffs' complaint as true, they are nevertheless insufficient to state a claim that Salido-Talavera violated C.R.S. § 33-6-122 and thus fail to state a negligence *per se* claim against him.  However, plaintiffs have stated a valid negligence *per se* claim under C.R.S. § 33-6-122 against DeLaCruz and may pursue that claim in this action.

IV.   **CONCLUSION**

For the foregoing reasons, it is ORDERED that:

1.   Defendant Land West Ventures, Inc.'s Motion to Dismiss Plaintiffs' Ninth Claim for Relief for Negligence Per Se (Dkt. # 24) is GRANTED IN PART

and DENIED IN PART.  Plaintiffs' Ninth Claim for Relief against Defendant Land West is dismissed with prejudice to the extent it is based on alleged violations of 8 U.S.C. § 1324a, 18 U.S.C. § 922(a)(5), (d)(5)(a), and (g)(5), and C.R.S. § 33-6-107(3), but remains pending to the extent it is based on alleged violations of C.R.S. § 33-6-122.

2.      Defendant Oscar Hoyos DeLaCruz's Motion for Joinder in Defendant Land West Ventures, Inc.'s Motion to Dismiss Plaintiff's Negligence Per Se Claim (Dkt. # 50) is GRANTED IN PART and DENIED IN PART. Defendant DeLaCruz is permitted to join Defendant Land West's motion to dismiss.  Plaintiffs' Second Claim for Relief against Defendant DeLaCruz is dismissed with prejudice to the extent it is based on alleged violations of 18 U.S.C. § 922(g)(5) and C.R.S. § 33-6-107(3), but remains pending to the extent it is based on alleged violations of C.R.S. § 33-6-122.

3.      Defendant Juan Salido-Talavera's Motion to Dismiss Plaintiffs' Fourth Claim for Relief for Negligence Per Se (Dkt. # 48) is GRANTED. Plaintiffs' Fourth Claim for Relief against Defendant Salido-Talavera is dismissed with prejudice in its entirety.

DATED:  July 18, 2007

                              BY THE COURT:

                              *s/ Phillip S. Figa*
                              _____
                              Phillip S. Figa
                              United States District Judge